IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WADE-ALFRED ALEXANDER SIMMONS, #A91486           Plaintiff, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS           Defendant. | * <br><br> * <br><br> *  CIVIL ACTION NO. AW-05-3074 <br><br> * <br> *** |

## **MEMORANDUM**

Plaintiff, a prisoner housed at the Prince George's County Detention Center ("PGCDC"), filed this 42 U.S.C. § 1983 civil rights complaint on November 14, 2005, seeking the return of "religious newspaper articles or [the] award [of] appropriate punitive damages." Plaintiff alleges that on April 12, 2005, his cell at PGCDC was shaken down and he noticed that several newspaper articles, pictures, and clippings were missing from a book in which he stored the items. He states that these items were comprised of newspaper clippings containing the sermons and pictures of Pope John Paul II. According to the complaint, Plaintiff's newspaper articles were confiscated because he impermissibly clipped them out of the newspaper provided in the PGCDC prison unit. Plaintiff claims that his request for the return of the items was denied and that he was later referred to the PGCDC psychological services for "withdrawal/isolation" and "extreme emotional display" related to the loss of the items.

Because he appears indigent, Plaintiff's Motion to Proceed In Forma Pauperis shall be granted. His complaint, however, shall be dismissed without requiring service of process on and an answer from Defendant.

Plaintiff asserts that he is a Roman Catholic and that the seized newspaper articles were religious and were used to "envoke the intersession of the Holy Father to the Christ." While the court does not question Plaintiff's religious beliefs, it finds his allegations dismissable under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc - 1 (a).[1]

RLUIPA, enacted in 2000, provides as follows:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--

   (1) is in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that compelling governmental interest.

Before the RLUIPA, courts applied the First Amendment "deference" analysis found under *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987) and *Turner v. Safley*, 482 U.S. 78 (1987). These cases held that incarceration leads to a limitation on many rights and privileges as may be warranted by valid penological considerations, *see O'Lone*, 482 U.S. at 348, and that a prisoner's right to free exercise of his religion must give way to regulations that are "reasonably related to legitimate penological interests." *Id.* at 349; *cf. Turner*, 482 U.S. at 89. The evaluation of what was an appropriate and reasonable penological objective was left to the discretion of the administrative officers operating the prison, who were to be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment were needed to maintain institutional security. *See O'Lone*, 482 U.S. at 349. Were Plaintiff's complaint subject to this standard, it would

---

[1] In *Cutter v. Wilkinson*, 124 S.Ct. 2113, 2121-22 (2005), the Supreme Court found that the section of the RLUIPA which increased the level of protection for prisoners' religious rights did not violated the Establishment Clause of the First Amendment.

be dismissed because, by Plaintiff's own admission, he acquired the items by impermissibly cutting apart newspapers provided for the use and enjoyment of all the prisoners in his unit.

Even under the RLUIPA, Plaintiff has failed to articulate a cognizable claim. First, PGCDC authorities articulated adequate cause for the confiscation of the articles.[2] More importantly, there is absolutely no indication that the confiscation of the newspaper articles placed a substantial burden on Plaintiff's religious practices. There is no allegation that Plaintiff was deprived of reading material, such as Bibles or Missals, or that he was prohibited from individual or congregate Roman Catholic worship.[3]

The court concludes that Plaintiff has failed to prove that his religious exercise rights were substantially burdened and that any restrictions placed on his rights were done so without compelling governmental reasons. For these reasons, a separate Order follows dismissing the complaint.

Date: <u>December 21, 2005</u>                     <u>        /s/             </u>
                                                 Alexander Williams Jr.
                                                 United States District Judge

---

[2] RLUIPA does not elevate the need to accommodate a religious observance over an institution's need to maintain order and safety. *See Cutter*, 124 S.Ct. at 2122-23.

[3] There is no showing that Catholicism, a monotheistic and Trinitarian religion, requires Plaintiff's use of the aforementioned newspaper articles regarding the late Pontiff to engage in mediation or "intercession" or to otherwise practice his religion.